UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-02271 JGB (KKx) | Date | January 18, 2018 |
| Title | *James Dickey, Inc. v. Nationwide Mutual Insurance Company* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order: (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 11); (2) REMANDING this action; and (3) VACATING the January 22, 2018 Hearing (IN CHAMBERS)**

Before the Court is Plaintiff James Dickey, Inc.'s ("Plaintiff") motion to remand. ("Motion," Dkt. No. 11.)  The Court finds this matter appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering all papers timely filed in support of, and in opposition to, the Motion, the Court GRANTS Plaintiff's Motion and REMANDS this action.  The January 22, 2018 Hearing is hereby VACATED.

## I.   BACKGROUND

On June 29, 2017, Plaintiff filed a complaint in the Superior Court of California, County of Riverside against Nationwide Mutual Insurance Company and Does 1 through 20. ("Complaint," Dkt. No. 1-2.)  On November 7, 2017, Defendant Nationwide Mutual Insurance Company ("Defendant") removed the action to this Court.  (Dkt. No. 1.)  Plaintiff then filed this Motion on December 7, 2017.   Defendant filed an opposition on December 28, 2017. ("Opposition," Dkt. No. 12.)  Plaintiff filed a reply on January 5, 2018.  ("Reply," Dkt. No. 13.)

## II.   LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute."  Gunn v. Minton, 568 U.S. 251, 256 (2013).  As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which

complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

The procedure for removal is set forth in 28 U.S.C. § 1446. Section 1446(a) provides generally that a defendant seeking to remove a civil action shall file a notice of removal in the district court. 28 U.S.C. § 1446(a). Section 1446(b) requires that a notice of removal be filed within two thirty-day periods: (1) thirty days of receipt from the plaintiff of an initial pleading, or (2) if the initial pleading does not clearly indicate whether the case is removable, thirty days from receipt of an amended pleading or some other document from which it is ascertainable that the case is removable. 28 U.S.C. §§ 1446(b)(1), (b)(3). Specifically, section b of the statute reads:

(1) The notice of removal of a civil action or procedure shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

…

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.

28 U.S.C. §§ 1446(b)(1), (b)(3).

"[T]he first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). In Harris, the Ninth Circuit held "notice of removability under § 1446(b) is determined through the four corners of the applicable pleadings." Id. "If no ground for removal is evident in [the initial] pleading, the case is 'not removable' at that stage. In such a case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." Id. The Ninth Circuit rejected the notion that a defendant has a duty to investigate a basis for removal when it is not clear from the face of the pleading. Id.

# III.   DISCUSSION

## A. Central District of California Local Rule 7-3

Local Rule 7-3, Conference of Counsel Prior to Filing of Motions, provides, in part:

> [C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution.  The conference shall take place at least seven (7) days prior to the filing of the motion.

L.R. 7-3 (emphasis in original).  Although Plaintiff represented in its motion that the parties conducted the conference of counsel pursuant to Local Rule 7-3 (Mot. at 2), Defendant alleges that the parties did not discuss the substance of the contemplated motion (Opp. at 2-3).  See Smith v. Harbor Freight Tools, USA, Inc., No. CV136262JFWVBKX, 2014 WL 12487663, at * 1 (C.D. Cal. Jan. 10, 2014) (denying the plaintiff's motion for class certification for failure to comply with Rule 7-3, as the parties did not thoroughly discuss the substance of the contemplated motion and any potential resolution).  Moreover, in Plaintiff's Counsel's declaration, Stephen Hsu states: "On December 7, 2017, I called and spoke with counsel for WAL-MART, Brian Pelanda, regarding my intention to file a motion for remand."  ("Hsu Declaration," Dkt. No. 11 ¶ 6.)  WAL-MART is not party to this action.  In its Reply, Plaintiff did not address its alleged failure to comply with Rule 7-3.  (See generally Reply.)

Plaintiff contacted Defendant on December 7, 2017 and filed its Motion that same day.  Plaintiff, thus, failed to comply with Rule 7-3 by not waiting the appropriate 7 days and by not discussing the substance of the contemplated motion.  Plaintiff filed its Motion on the last day permitted under the 28 U.S.C. § 1447(c).  28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).")  Although Plaintiff could have been more diligent in its efforts to adhere to Rule 7-3, Defendants have not alleged any material prejudice resulting from Plaintiff's failure to comply.  Accordingly, the Court will consider the Motion.  See, e.g., ECASH Techs., Inc. v. Guagliardo, 35 Fed. Appx. 498, 500 (9th Cir. May 13, 2002) (Unpub. Disp.) ("The Central District of California's local rules do not require dismissal of appellee's motions for failure to satisfy the meet-and-confer requirements" (citations omitted)); CarMax Auto Superstores California LLC v. Hernandez, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) ("Failure to comply with the Local Rules does not automatically require the denial of a party's motion, . . . particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply") (collecting cases).

## B. Initiation of the 30-Day Period

The parties agree they are citizens of different states, and the amount in controversy exceeds $75,000.  The parties dispute whether the fact that the amount in controversy exceeds

$75,000 is clear from the face of the Complaint, and thus whether Defendant's removal is timely. Plaintiff contends it is clear from the face of the Complaint, while Defendant maintains that the amount in controversy first became clear in other papers, thus implicating 28 U.S.C. § 1446(b)(3). (See Mot. at 4; Opp. at 5.)

In particular, Plaintiff argues the Complaint reveals the jurisdictional amount exceeds $75,000. (Reply at 4.) The Complaint states the tools purchased to replace the stolen tools totaled "hundreds of thousands of dollars." (Compl. ¶ 11.) Plaintiff alleges Defendant failed to cover the cost of the stolen tools, as covered under the policy. (Id. ¶¶ 10-11.) Plaintiff brings this action seeking the following monetary relief:

- "Damages for contract on the policy according to proof";
- "special damages for breach of contract according to proof";
- "incidental damages for breach of contract in amount to be determined at trial";
- "general damages for breach of the implied covenant of good faith and fair dealing in an amount to be determined at trial";
- "special damages for breach of the implied covenant of good faith and fair dealing";
- "punitive and exemplary damages according to proof";
- "attorney's fees and costs incurred . . . according to proof"; and
- "costs of suit incurred."

(Id. at 7.)

Although the prayer for relief does not specify the amount sought, the body of the Complaint reveals the cost for replacement goods totaled over $75,000. In the Complaint, Plaintiff alleges the following:

> Plaintiff promptly presented his claim for damages and loss of use to Defendants. Although the loss was clearly covered under the POLICY, Defendants have unreasonably withheld payment for Plaintiff's stolen INSURED PROPERTY for nearly two years. Plaintiff has supplied adjusters with inventories, receipts, and price lists; but Defendants continue to withhold insurance benefits as to which Plaintiff is entitled.
>
> Defendants were sent estimates from the tool manufacturer confirming that the replacement cost of Plaintiff's tools. Defendants were also sent Plaintiff's invoices and receipts' [sic] demonstrating that Plaintiff has in fact purchased *hundreds of thousands of dollars* of tools. Nevertheless, Defendants unreasonably continue to withhold all payment for the stolen tool. In the time that has passed since the theft, Plaintiff is yet to receive $1.00 from Defendants as compensation for Plaintiff's stolen tools, materials and equipment.

(Compl. ¶¶ 10-11 (emphasis added).) From these allegations, it is reasonably clear that Plaintiff seeks in excess of $75,000 in damages. Thus, removability could have been determined from the face of the Complaint. Accordingly, Defendant had 30 days from the receipt of the initial pleading—the Complaint—or the service of summons of the Complaint. 28 U.S.C. 1446(b)(1). Plaintiff filed its Complaint on June 29, 2017. (Dkt. No. 1-2.) Defendant removed the action on November 7, 2017, more than 30 days after the Complaint was filed. (Dkt. No. 1.) Thus, removal was untimely.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion, REMANDS the action, and VACATES the January 22, 2018 hearing.

**IT IS SO ORDERED.**